ELLEN F. ROSENBLUM
Attorney General
SAMUEL A. KUBERNICK  #045562
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4794
Email:  Samuel.A.Kubernick@doj.state.or.us

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BRIAN PATRICK ARNOLD,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>RICK ANGELOZZI,<br><br>　　　　　Respondent. | Case No.  1:13-cv-00302-SU<br><br>RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS |

I.   INTRODUCTION

Petitioner brings this habeas corpus proceeding under 28 U.S.C. § 2254, challenging his conviction and sentence for one count of Robbery in the Second Degree.  Petitioner was convicted of that offense by way of a jury trial.  In this habeas corpus proceeding, he alleges three claims or grounds for relief.  None of the claims, however, were fairly presented to the highest state court, and, as a result, all are now procedurally defaulted.  Accordingly, this Court should deny petitioner's request for relief.

Page 1 -   RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
　　　　　SAK/gcz/4332894-v2

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

## II.     BACKGROUND

On October 23, 2005, around 12:30 a.m., Lawrence Rooker and Lacie Peterson approached Lila Lynch's home to steal her marijuana and money. (Ex. 136, Defendant's Trial Memorandum, p. 1). Ms. Peterson had a boyfriend, Bryan Henderson, who felt that Ms. Lynch was not living up to her part of a deal to grow marijuana, some of which Henderson was to receive as his "cut." (*Id.*, pp. 1-2). Ms. Peterson and Mr. Rooker agreed to work together to rob Ms. Lynch to get what they felt should be coming to Mr. Henderson. (*Id.*, p. 2).

The robbers had previously realized that they would need some weapons, and Mr. Rooker thought that petitioner could provide the weapons. (*Id.*). Petitioner accompanied Mr. Rooker and Ms. Peterson on a "scouting trip" of Ms. Lynch's home about two weeks prior to the robbery. (*Id.*). On the evening of October 22, 2005, petitioner showed up at Mr. Rooker's residence with Ms. Peterson. (*Id.*). Petitioner told Mr. Rooker to take a bag containing headsets from under the back seat, where he would also find his weapon. (*Id.*). Petitioner provided the weapons.[1] (*Id.*). Mr. Rooker, Ms. Peterson, and petitioner then proceeded to Ms. Lynch's house, at which point Rooker and Peterson put on Halloween masks and left the car to walk up to the house. (*Id.*). Petitioner stayed behind in the Suburban to serve as a lookout. (*Id.*).

Ms. Lynch opened the door to find a shotgun stuck into her stomach. (*Id.*, p. 1). She grabbed the shotgun barrel and shoved it toward the ceiling, then slammed and locked the door. (*Id.*, pp. 1-2). After Ms. Lynch locked them out, Mr. Rooker and Ms. Peterson returned to the Suburban, and petitioner drove them away. (*Id.*). Shortly afterward, police pulled over the Suburban carrying Mr. Rooker, petitioner, the shotgun, one mask, and the headsets. (*Id.*).

Based on the above-described events, petitioner was arrested and charged with Robbery in the Second Degree. (Exhibit 102, Indictment). After some difficulty in getting a court-appointed attorney, and informing the first one he did get that he would not talk to him, the trial

---

[1] Exhibit 150, Detective Snyder Report, p. 25.

Page 2 -   RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
              SAK/gcz/4332894-v2

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

court appointed Mary Landers to represent petitioner around December 9, 2005.[2] Ms. Landers felt certain enough that she would be ready for trial that she reported to the court at a December 29, 2005, release hearing that she would be ready for trial on January 4, 2006. (12/29/05 Tr. 7).[3]

On the day of the release hearing, the prosecutor provided to Ms. Landers additional discovery. That discovery included a CD and transcript of an interview with Mr. Rooker, as well as photographs of an additional search of the Suburban showing a Halloween mask had been found in the back seat.[4] Ms. Landers felt the new discovery required extensive additional investigation and therefore filed a motion to continue the trial, which the court denied.[5] Petitioner proceeded to a jury trial on January 4 and 5, 2006, following which he was convicted of Robbery in the Second Degree and sentenced to 70 months imprisonment, followed by 36 months of post-prison supervision. (Ex. 101, Judgment/Facesheet).

Petitioner directly appealed the sentence. (Ex. 105, Appellant's Brief: Direct Appeal, p. 2). In a brief filed through counsel, he contended that the trial court erred by concluding that he was not eligible for a lesser sentence under the sentencing guidelines. (*Id.*). The Court of Appeals agreed and, in a written opinion, affirmed the conviction and remanded for resentencing. (Exs. 109, Court of Appeals opinion in *State v. Arnold*, A131476; 110, Appellate Judgment: Direct Appeal). On remand, the trial court once again imposed a sentence of 70 months imprisonment with 36 months of post-prison supervision. (Ex. 101, Judgment/Facesheet).

Rather than appealing from the sentence imposed on remand, petitioner filed for post-conviction relief (PCR), alleging numerous claims of ineffective assistance of trial counsel, prosecutorial misconduct, and judicial misconduct. (Ex. 111, Formal Second Amended Petition for Post-Conviction Relief). The PCR trial court heard the matter on January 19, 2010 and later issued a letter opinion denying relief on all claims, followed by a general judgment denying all

---

[2] Exhibit 138, Motion for Substitution of Attorneys and Order.

[3] Exhibit 103, Transcript of Proceedings – 12/29/05.

[4] Exhibit 140, Affidavit of Lisa Turner, pp. 2-3.

[5] Exhibit 141, Motion to Postpone Trial and Order.

Page 3 -   RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
          SAK/gcz/4332894-v2
                              Department of Justice
                              1162 Court Street NE
                              Salem, OR 97301-4096
                        (503) 947-4700 / Fax: (503) 947-4794

relief and dismissing the action.  (Exs. 155, Findings of Fact, Conclusions of Law; 160, General Judgment: PCR Trial).  In particular, the PCR trial court found the claim of judicial misconduct to be "clearly without merit." (*Id.*, p. 5).  In addition, the court concluded that because petitioner did not raise the trial-court error and prosecutorial misconduct claims on direct appeal, those claims were procedurally barred.  (*Id.*, p. 9).

On appeal from the PCR trial court's judgment, petitioner filed a brief through counsel, alleging only that the PCR trial court erred in denying relief on petitioner's claim of ineffective assistance of trial counsel.  (Ex. 161, Appellant's Brief: PCR Appeal).  Specifically, petitioner argued that his trial counsel had been ineffective in two ways.  First, he alleged that his counsel was unprepared for trial because she failed to review new discovery presented to her on the day before the trial commenced.  (*Id.*, p. 12).  Relatedly, petitioner alleged that because trial counsel did not review the discovery, she could not adequately consult with petitioner before representing to the court that she was ready for trial.  (*Id.*).

Second, petitioner contended that his trial counsel was ineffective for failing to request that the jury be instructed on the lesser included offense of Robbery in the Third Degree.  (*Id.* p. 22).  Following the state's response, the Oregon Court of Appeals affirmed the PCR trial court's judgment without opinion, and the Oregon Supreme Court denied petitioner's petition for review.  (Exs. 163, Petition for Supreme Court Review: PCR Appeal; 164, Order Denying Review: PCR Appeal).  The appellate judgment from petitioner's PCR proceedings issued on May 9, 2012.  (Ex. 165, Appellate Judgment: PCR Appeal).

Petitioner is currently in state custody on post-prison supervision, and has now filed a Petition for Writ of Habeas Corpus, alleging the following three claims or grounds for relief:

> **Ground One:** Ineffective assistance of counsel.
> **Supporting Facts:** (A) Failure to file discovery motion compelling DA to file a written response regarding the statutory discovery duties and compliance with Brady lines of cases. (B) Failure to file motion to dismiss for failure to record grand jury. [C] [F]ailure to file Henthorn memo to obtain access to officer's file for impeachment purpose.

Page 4 -   RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
           SAK/gcz/4332894-v2
                            Department of Justice
                            1162 Court Street NE
                            Salem, OR 97301-4096
                        (503) 947-4700 / Fax: (503) 947-4794

**Ground Two:** Prosecutorial misconduct.
**Supporting Facts:** Failure to agree or consent to a continuance of a new trial where defense counsel had inadequate time to prepare for trial denying me due process of law and a fair trial.

**Ground Three:** Judicial misconduct.
**Supporting Facts:** Failure to grant a continuance of jury trial when recently defense counsel had inadequate time to prepare for trial denying me due process of law and a fair trial.

However, none of those claims were properly presented to Oregon's highest state court. As a result, those claims are now procedurally defaulted. Accordingly, this Court should deny all relief.

### III. PETITIONER HAS PROCEDURALLY DEFAULTED ALL OF THE GROUNDS RAISED IN HIS HABEAS PETITION.

#### A. Exhaustion of state remedies and procedural default

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. *Keeney v. Tomayo-Reyes*, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claims in state court "to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995). As part of that exhaustion requirement, a petitioner is obligated to "present[] the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby affording the state courts a meaningful opportunity to consider allegations of legal error." *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004) (citing *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986)). Before the state court, a petitioner must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle [him] to relief." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *see*

Page 5 -   RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
          SAK/gcz/4332894-v2
                            Department of Justice
                            1162 Court Street NE
                            Salem, OR 97301-4096
                        (503) 947-4700 / Fax: (503) 947-4794

*also Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005) ("To exhaust his claim, [a petitioner] must have presented his federal, constitutional issue before the [state appellate courts] within the four corners of his appellate briefing."); *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) ("In [the Ninth Circuit], a petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law."); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (*per curiam*) (holding that, when the petitioner failed to cite federal case law or mention the federal Constitution in his state court briefing, he did not alert the state court to the federal nature of his claims).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust available state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. *Boerckel*, 526 U.S. at 848 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). Once a petitioner has procedurally defaulted on a claim, federal habeas-corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure to present the constitutional issue in the state courts. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Murray v. Carrier*, 477 U.S. 748 (1986); *Hughes v. Idaho Bd. of Corr.*, 800 F.2d 905 (9th Cir. 1986). The "mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise a claim despite recognizing it, does not constitute cause for a procedural default." *Murray*, 477 U.S. at 486.

### B. Petitioner did not fairly present Ground One to the state courts.

As noted above, in Ground One petitioner alleges various claims of ineffective assistance of trial counsel. (Pet. 5). While claims (A) and (B) appear in some form in petitioner's amended PCR petition, petitioner did not renew any of those claims in the appeal from the PCR trial court's judgment. (Ex. 161, Appellant's Brief: PCR Appeal). Instead, as previously set out, petitioner asserted only that his trial counsel was ineffective for not reviewing the new discovery material on the eve of the trial and for not requesting that the jury be instructed on a lesser

Page 6 -   RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
           SAK/gcz/4332894-v2

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

included offense. (*Id.*) Then, in his petition for Oregon Supreme Court review, petitioner reiterated those claims of error. (Ex. 163, Petition for Supreme Court Review: PCR Appeal). Consequently, because petitioner did not present Ground One to Oregon's highest court—and because he can no longer do so—those claims are all procedurally defaulted.[6] *See Boerckel*, 526 U.S. at 844-45 (holding that federal claims must be presented to the state's highest court).

### C.   Petitioner did not fairly present Grounds Two and Three to the state courts.

Like Ground One, petitioner's Grounds Two and Three are also procedurally defaulted, for multiple reasons. In Grounds Two and Three, petitioner alleges claims of prosecutorial and judicial misconduct. (Pet., pp. 5-6). However, in his direct appeal, petitioner only assigned error to the trial court's sentencing decision. (Ex. 105, Appellant's Brief: Direct Appeal). The claims of prosecutorial and judicial misconduct for failure to agree to or grant a continuance could have been raised in the course of that appeal.[7] However, because petitioner did not present such a claim to Oregon's appellate courts in those proceedings—and because he can no longer do so— petitioner has procedurally defaulted Grounds Two and Three. *See Boerckel*, 526 U.S. at 844-45 (holding that federal claims must be presented to the state's highest court); *Casey*, 386 F.3d at 911-12 (to provide state with "necessary opportunity" to "pass upon and correct alleged violations of its prisoners' federal rights," habeas petitioner must "fairly present his claim in *each* appropriate state court") (citing *Baldwin*, 541 U.S. 27 (internal quotations omitted; emphasis added)).[8]

---

[6] Or. Rev. Stat. 138.650 requires PCR appeals to be filed within 30 days after entry of final judgment. The appellate judgment in petitioner's state PCR proceeding was entered on October 10, 2012. (Ex. 165).

[7] Because petitioner could have asserted the claims underlying Grounds Two and Three on direct appeal, the claim was not cognizable during PCR proceedings. *See Palmer v. State of Oregon*, 318 Or. 352, 356-58 (1994) (PCR petitioners generally may not raise claims in PCR proceedings that could have been raised during the underlying criminal proceeding and direct appeal, unless they assert that failure to raise the claim constituted inadequate assistance of counsel); *Bowen v. Johnson*, 166 Or. App. 89, 93, 999 P.2d 1159 (2000) (same).

[8] Or. Rev. Stat. 138.071 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register.

Page 7 -   RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
            SAK/gcz/4332894-v2

In fact, the PCR trial court held that the claims of trial court misconduct were not only "clearly without merit," but as a matter of law they were also procedurally barred from post-conviction relief. (Ex. 155, Findings of Fact, Conclusions of Law, pp. 5, 9). Regardless, petitioner did not advance any of those claims in the appeal from the PCR trial court's judgment. (Ex. 161, Appellant's Brief: PCR Appeal).

Instead, as previously described, petitioner asserted only that his counsel was ineffective for not reviewing the new discovery material on the eve of the trial and for not requesting that the jury be instructed on a lesser included offense. (*Id.*). Then, in his petition for Oregon Supreme Court review, petitioner reiterated those claims of error. (Ex. 163, Petition for Review: PCR Appeal). Consequently, because petitioner did not present Grounds Two and Three to Oregon's highest court—and because he can no longer do so—those claims are all procedurally defaulted. Under those circumstances, this court should deny relief on Grounds Two and Three.[9]

## IV.  CONCLUSION

All of the grounds alleged in petitioner's habeas petition are procedurally defaulted. Therefore, this Court should deny relief on all of his claims and dismiss the habeas petition with prejudice.

DATED July  8 , 2013.

                                              Respectfully submitted,

                                              ELLEN F. ROSENBLUM
                                              Attorney General

                                                 s/ Samuel A. Kubernick
                                              SAMUEL A. KUBERNICK #045562
                                              Assistant Attorney General
                                              Trial Attorney
                                              Tel (503) 947-4700
                                              Fax (503) 947-4794
                                              Samuel.A.Kubernick@doj.state.or.us
                                              Of Attorneys for Respondent

---

[9] Along with Ground One, if this court concludes that Grounds Two and Three are not procedurally defaulted, respondent will request leave to address Grounds Two and Three on the merits.

Page 8 -   RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
            SAK/gcz/4332894-v2

## CERTIFICATE OF SERVICE

I certify that on July  8 , 2013, I served the foregoing RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS upon the parties hereto by the method indicated below, and addressed to the following:

Brian Patrick Arnold  
2772 ½ Merriman Road  
Medford, OR  97501  

___ HAND DELIVERY  
_X_ MAIL DELIVERY  
___ OVERNIGHT MAIL  
___ TELECOPY (FAX)  
___ E-MAIL  
___ E-FILE  

    s/ Samuel A. Kubernick  
SAMUEL A. KUBERNICK #045562  
Assistant Attorney General  
Trial Attorney  
Tel (503) 947-4700  
Fax (503) 947-4794  
Samuel.A.Kubernick@doj.state.or.us  
Of Attorneys for Respondent  

Page 1 -   CERTIFICATE OF SERVICE  
        SAK/gcz/4066186-v1  

Department of Justice  
1162 Court Street NE  
Salem, OR 97301-4096  
(503) 947-4700 / Fax: (503) 947-4794