UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BRIAN PATRICK ARNOLD,

          Petitioner,         1:13-cv-00302-SU

         v.                 FINDINGS AND
                                RECOMMENDATION
RICK ANGELOZZI,

          Respondent.

SULLIVAN, Magistrate Judge.

      Petitioner, currently in state custody on post-prison supervision, filed a petition under 28 U.S.C. § 2254 challenging his February 1, 2006, conviction for Robbery in the Second Degree. After a jury convicted petitioner, the court imposed a sentence of 70 months imprisonment with 36 months of post-prison supervision.

      Petitioner directly appealed his conviction , and, in a written opinion, the Court of Appeals remanded for re-

1 - FINDINGS AND RECOMMENDATION

sentencing, but otherwise affirmed the conviction. Petitioner did not seek review from the Oregon Supreme Court. Exhibits 105 - 110.

Petitioner filed a Formal Second Amended Petition for Post-Conviction Relief, Exhibit 111, but the Lake County Circuit Court denied relief. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 161-165.

Petitioner alleges three grounds for relief. Petition (#2) p. 5-6. Respondent moves to deny the petition on the ground that none of petitioner's claims were fairly presented to the state of Oregon's highest court, and as a result are all now procedurally defaulted. Response (#13) p. 1.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific

federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63 (1996).; <u>see also</u>, <u>Castillo v. McFadden</u>, 399 F.3d 993, 1000 (9th Cir. 2005); *see also*, <u>Insyxiengmay v. Morgan</u>, 403 F.3d 657, 668 (9th Cir. 2005) ("In [the Ninth Circuit], a petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law."); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999) (*per curiam*) (holding that, when a petitioner failed to cite federal case law or mention the federal constitution in his state court briefing, he did not alert the state court to the federal nature of his claims).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. <u>Castille v. Peoples</u>, 489 U.S. 346, 351-52 (1989); <u>Roettgen v. Copeland</u>, 33 F.3d 36, 38 (9th Cir. 1984; <u>Turner v. Compoy</u>, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally

defaulted.  Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991).  Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488.  Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000).  To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S.538, 559

(1998).

    In Ground One petitioner alleges claims of ineffective

assistance of counsel as follows:

> (A) Failure to file discovery motion compelling DA
> to file a written response regarding the statutory
> discovery duties and compliance with Brady lines of
> cases. (B) Failure to file a motion to dismiss for
> failure to record grand jury. © Failure to file
> Henthon memo to obtain access to officer's file for
> impeachment purposes.

Petition (#2) p. 5

    Petitioner raised claims similar to those alleged in (A)

and (B) in his Second Amended Petition for Post-Conviction

Relief. *See*, Exhibit 111. However, petitioner did not renew

those claims in his appeal from the PCR trial court judgment.

In his PCR appeal, petitioner alleged only that his attorney

was ineffective for not reviewing the new discovery material

on the eve of trial and for not requesting that the jury be

instructed on a lesser included offense. Exhibit 161.

Petitioner raised those same two claims in his petition for

review by the Oregon Supreme Court. Exhibit 163.

    Because petitioner did not present the claims alleged in

Ground One to the Oregon Supreme Court and because he can no

longer do so[1], those claims are procedurally defaulted.

---

[1]ORS 138.071 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register.  ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment.  ORS 2.520 requires petitions for review to Oregon's Supreme Court to be filed within 35 days from the date of the Court of Appeals' decision. *See also* ORAP 9.05(2) (same)  Finally, ORS 138.550(3) provides that all PCR claims must be

Petitioner has not alleged any cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.   Accordingly, relief on Ground One should be denied.

In  Ground  Two,  petitioner  alleges  prosecutorial misconduct as a result of the prosecutions failure to agree to a continuance.  In Ground Three, petitioner alleges judicial misconduct  as  a  result  of  the  court's  failure  to  grant  a continuance of his trial date.

On direct appeal, petitioner alleged a single assignment of  error,  that  the  trial  court  erred  by  concluding  that petitioner was not eligible for a lesser sentence under the sentencing guidelines. *See*, Exhibit 105.  He did not allege the prosecutorial misconduct and judicial misconduct claims he alleges in Grounds Two and Three.

Petitioner  alleged  raised  numerous  claims  of prosecutorial and judicial misconduct  in his Second Amended Petition for Post-Conviction Relief. Exhibit 111.  The PCR trial court held that the claims of trial court misconduct were "clearly without merit," and further that because petitioner had not raised the claims on direct appeal, as a

---

asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

matter of law those claims were procedurally barred from post-conviction relief. Findings of Fact, Conclusions of Law, pp. 5, 9.  In any event, petitioner did not advance any of those claims in the appeal from the PCR trial court judgment. *See*, Exhibit 161.

Because petitioner did not present the claims alleged in Grounds Two and Three to the Oregon Supreme Court, and because he can no longer do so, *see* footnote 1,  they are procedurally defaulted. Petitioner has not alleged any cause and prejudice for his procedural default or established that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.  Therefore, relief on Grounds Two and Three should be denied.

Petitioner's Petition (#2) should be denied.  The Clerk of the Court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court.  Thereafter, the parties have

fourteen (14) days within which to file a response to the
objections.  Failure to timely file objections to any factual
determinations of the Magistrate Judge will be considered a
waiver of a party's right to de novo consideration of the
factual issues and will constitute a waiver of a party's right
to appellate review of the findings of fact in an order or
judgment entered pursuant to the Magistrate Judge's
recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability
should be denied as petitioner has not made a substantial
showing of the denial of a constitutional right. See, 28
U.S.C. § 2253(c)(2).*

DATED this 1st day of November, 2013.

                    /s/ Patricia Sullivan
                    Patricia Sullivan
                    United States Magistrate Judge